NAME: *Drew Kevin Russell*

#: *V-16255*
PRISON NUMBER

*R.J. Donovan - F-1-3-134 L*
*P.O. Box 799-001*
CURRENT ADDRESS OR PLACE OF CONFINEMENT

*San Diego CA, 92179-9001*
CITY, STATE, ZIP CODE

2254 ✓   1983
FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ___ No ✓
COPIES SENT TO
Court ✓   ProSe ___

**FILED**

JAN - 2 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

*Drew Kevin Russell,*
(FULL NAME OF PETITIONER)

**PETITIONER**

v.

*Richard Hernandez - Warden*
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**

and

_____,

The Attorney General of the State of
California, Additional Respondent.

Civil No. **08 CV 0009 L RBB**
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
   *Orange County Superior Court*

2. Date of judgment of conviction: *11-28-03 - 7-15-05 on Remand*

3. Trial court case number of the judgment of conviction being challenged: _____
   *# 02NF2028*

4. Length of sentence: *6 years - 25 to life on Remand*

CIV 68 (Rev. Dec. 1998)

K:\COMMON\FORMS\CIV-68.

5. Sentence start date and projected release date: _Indetermined Term After Resentenced_

6. Offense(s) for which you were convicted or pleaded guilty (all counts): _____
   _290 P.C. Failure To Register_
   _314 P.C. Indecent Exposer_

7. What was your plea? (CHECK ONE)
   (a) Not guilty       ☒ -on Both-
   (b) Guilty           ☐
   (c) Nolo contendere  ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury        ☒
   (b) Judge only  ☒ on 314 -

9. Did you testify at the trial?
   ☒ Yes  ☒ No  on -290 -

### DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☒ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: _290 - Reversed, No Retrial 314 Remanded For Resestence_
    (b) Date of result, case number and citation, if known: _October 19, 2004_
        _#O2NF2028  # O2NF2028 A_
    (c) Grounds raised on direct appeal: _Instructions Refering To "Located" and "Location" Instructions on General criminal intent Unconstitutional Vagueness, Evidence inherently Incredible. Violates the Requirement oF Due Process_

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: _Denied Review_
    (b) Date of result, case number and citation, if known: _January 12, 2005_
        _#GO33221 - S129375_
    (c) Grounds raised: _A conviction which Rests upon Evidence which is inherently incredible, Violates The Requirment oF Due Process._

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

   (a) Result: _____

   (b) Date of result, case number and citation, if known: _____

_____

   (c) Grounds raised: _____

_____N/A_____

_____

_____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?

☐ Yes ☐ No

15. If your answer to #14 was "Yes," give the following information:

   (a) **California Superior Court** Case Number:_____

   (b) Nature of proceeding: _____

_____

   (c) Grounds raised: _____

_____

_____

_____

   (d) Did you receive an evidentiary hearing on your petition, application or motion?

     ☐ Yes ☐ No

   (e) Result: _____

   (f) Date of result: _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?

■ Yes ☐ No

17. If your answer to #16 was "Yes," give the following information:

   (a) **California Court of Appeal** Case Number: # 02NF2028

   (b) Nature of proceeding: _____

   (c) Grounds raised: Trial Court had already Stricken two of Appellants Convictions without objection or Appeal from the Prosecution Discreation 1385 was a Final Judgement Did not Authorize Resentencing.

   (d) Did you receive an evidentiary hearing on your petition, application or motion?
     ☐ Yes  ☐ No

   (e) Result: __AFFirmed__

   (f) Date of result: __September 18, 2006__

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
   ☑ Yes  ☐ No

19. If your answer to #18 was "Yes," give the following information:

   (a) **California Supreme Court** Case Number: S147479-S147784-Amended

   (b) Nature of proceeding: Writ of Habeas Corpus

   _____

   (c) Grounds raised: the trial court must sentence appellant as a "Second strike" Defendant For Count Two Because the trial court had already stricken two of Appellants Prior Convictions during the First Sentencing without objection or Appeal From the Prosecution. Due Process Requires, (SEE Attached Sheet)

   (d) Did you receive an evidentiary hearing on your petition, application or motion?

     ☐ Yes  ☐ No

   (e) Result: Denied.

   (f) Date of result: __April 18, 2007__

Continued Argument which Rest upon Evidence which is inherently incredible violates the requirement of Due Process

Section 1170 subdivision (d) Did not authorize Resentencing either. the resentencing amounted to "cruel and unusual Punishment" AND ALSO Denied Petitioner's Due Process.

The trial Court Order Pursuant to Section 1385 was a FINAL JUDGEMENT made with in its discretion appellant cannot be sentenced as a "three Strikes" defendant. failure to Doso denies Petitioner's Due Process of LAW.

The trial court must sentence Appellant as a "Second Strike" defendant For count Two Because the trial court had already stricken Two of the Appellant's Prior Convictions during the first sentencing with out objection or Appeal From the Prosecution. Due Process requires the court must abide by its Previous ruling to strike Priors Failure to doso Denies Petitioners Due Process of LAW

**20.** If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

**21.** Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☒ Yes ☐ No    (IF "YES" SKIP TO #22)
   (a) If no, in what federal court was the prior action filed? _____
   (i) What was the prior case number? _____
   (ii) Was the prior action (CHECK ONE):
      ☐ Denied on the merits?
      ☐ Dismissed for procedural reasons?
   (iii) Date of decision: _____
   (b) Were any of the issues in this current petition also raised in the prior federal petition?
      ☐ Yes ☐ No
   (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
      ☐ Yes ☐ No

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

GROUND ONE:

A conviction which Rest upon Evidence, which is inherently incredible, Violates The Requirement of Due Process.

Supporting FACTS (state *briefly* without citing cases or law) The victim's testimony concerning the circumstances under which alleged indecent exposure occured falls well within the definition of inherently incredible. It asserts "that something has occured that it does not seem possible could have occured under the circumstances disclosed" (People v. Headlee (1941) 18 CAL 2d 266, 267, 268 accord People v. Carvalho (1952) 112 CAL APP 2d 482, 489.) According to her, the exposure was seen initially not in a mirror, but in "some type of glass or laminate, while she claims to have then turned and seen the still Penis Exposed. Ms Chhum a prosecution witness who was at the scene, saw only the Appellants hands were in front of him, by his waist. (OP.P. 2) Testimony that is inherently incredible is insufficient to support a conviction. (See e.g. United States v. Chancey (11 Cir 1983) 715 F. 2d 543 546, 547) Because there was insufficient credible evidence to support the court's finding on count 2, appellant's conviction violates the due Process clause of the United States Constitution (5TH and 14TH Amends. - Jackson v. Virginia (1979) 443 U.S. 307 313-324 99 S. Ct. 2781 2785-2792, 61 L. Ed 2d 560 Mikes v. Borg (9TH Cir 1991) 947, F. 2d 353-356-361.

**Did you raise GROUND ONE in the California Supreme Court?**
☒ Yes ☐ No.

The Trial Court Must Sentence Appellant as a "Second Strike" Defendant For Count Two Because The Trial Court Had already Striken Two of the Appellant's Prior Convictions. During the First Sentencing without Objection or Appeal From the Prosecution. Due Process Requires THE court ABIDE by its Previous Ruling To Strike Priors. Failure to DoSD DENIES Petitioner's DUE PROCESS OF LAW.

Supporting FACTS (state *briefly* without citing cases or law)

On July 15, 2005 Petitioner was Resentenced. Defense counsel argued the trial Court was without Jurisdiction to reinstate two Prior convictions it had previsouly stricken on November 21 2003 Pursuant Section 1385. The trial Court rejected defense counsel's arguement And reinstated The Previously stricken Priors sentencing Petitioner to a much Harsher sentence of 25 years to Life instead of Petitioner's original 6 year sentence that was opposed.

U.S Const- Amend 5th, 14th
Koon v-U.S 518 US 81 (1996)
U.S. v. Reyes 373 Fd 3d 1152

People v- STRONG 87 CAL APP 4TH 328
People v. Williams (1998) 17 CAL 4TH 148
People v-Gaston (1999) 74 CAL APP 4TH 310

Did you raise GROUND ___ the California Supreme Court?
☒ Yes ☐ No.

Ground __3__ (if applicable):

Because the trial courts order Pursuant to Section 1385 was a Final judgement made within its discretion Appellant cannot be Sentenced as a "Three Strike" Defendant Failure to do so denies Petitioner's Due Process of Law.

a. Supporting facts:

The trial Court's ruling striking Appellants Prior convictions was within its discretion Pursuant to Section 1385 Subdivision (A) which allows a Trial Court to strike a prior Felony strike conviction in "Furtherance of Justice". Respondant failed to file a cross-Appeal therefore the order striking the priors became Final. Because the Trial Court's order striking Two of the Appellants convictions became Final and was made within its discretion it could not Reinstate those prior convictions at a later date. doing so Denies Petitioner's Due Process of law. Although the General Rule is "when a case is remanded for resentencing by an Appellate Court the Trial Court is entitled to consider the entire sentencing scheme. That General rule does not apply here because the Trial Court here specifically struck Two of the Appellants Three prior convictions for count Two (2) and imposed a separate and independent term. In the absence of a showing the Trial Court Judge acted arbitrarily the Trial Court's Ruling is Final. The Trial Court cannot withdraw its valid and unlawful order its order striking the "strike" priors became Final and must stand. Appellant cannot be Sentenced as a "Three Strikes" defendant. The Sentence on Count Two (2) must be corrected with the exception of an unauthorized sentence a Party must object in Trial Court to preserve its claim on appeal which never happened therefore, the Trial Court could not change or ignore its earlier order striking Two (2) of Appellants prior convictions doing so violates Appellants Due Process of Law.

U.S. Const. Amend 5th, 14th
Peirce-v-N.C
People-v. Scott Supra 9 Cal 4th pp. 353-356
People v. Sumstine 36 Cal 3d 909

in Section 1170 Subdivision (d) DID NOT Authorize resentencing either. The resentencing Amounted to "Cruel And unusual Punishment" And Denied Petitioner's Due Process.

**Supporting FACTS** (state *briefly* without citing cases or law): Additionally Section 1170, Subdivision (d) did not authorize resentencing either. Because that statue requires resentencing Be done within 120 days, this DID not happen here. As defense counsel contended. The bifurcation of the counts created two separate cases there by Precluding resentencing for count two because the "120 day window" had passed. Therefore the trial court is Precluded from resentencing appellant as a "three strikes" defendant because of its failure to resentence within the Prescribed 120 day window after Petitioner's sentenced commenced. Accordingly the trial court's ruling must stand because it lacks the requisite Jurisdiction to reinstate the Prior convictions it had previously stricken on November 21, 2003. A trial court loses Jurisdiction to resentence once the defendant commences his or her sentence. There is an exception to this common law Rule in Section 1170 Subdivision (d) which states in relevant Part. "When a defendant... has been sentenced to be imprisoned in the state corrections the court may within 120 Days of the date of commitment on its own motion... recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not been previously sentenced Provided the New Sentence is "no greater than the initial sentence" This Section "Permits the Sentencing court to recall a sentence only for reasons rationally related to lawful sentencing. This section creates a limited exception to the common law rule that a trial court loses Jurisdiction to resentence once the defendant

**Did you raise GROUND TWO in the California Supreme Court?** — Con. Next Page —
☐ Yes ☐ No.

commences his or her sentence. The term imposed for count two was a determinate term of six years". When a defendant is sentenced to both a determinate and an indeterminate sentence, the determinate sentence is served first". Therefore, after Petitioner was initially sentenced on November 21, 2003 the sentence for count two commenced and the 120 day limit began to run. When the trial court attempted to resentence Petitioner on July 15, 2005 The trial courts 120 day time limit had already expired, there by leaving it without the requisite jurisdiction to "reinstate" the previously stricken priors. The trial court lacked requisite jurisdiction to reinstate the stricken prior convictions and cannot sentence appellant as a " three strike" defendant.

For the foregoing reasons, the case should be remanded for resentencing in which only the one prior conviction is considered and therefore Petitioner is sentenced as a "second strike" defendant. The term for count two must be a determinate term of six (6) years only.

U.S const. Amend. 5TH. 14TH
Burn v. U.S 501 U.S 129 (1991)
U.S v. Granderson 511 U.S 391 (1994)

People v. Pritchett (1993) 20 Cal App, 4TH 140 194
People v. Reyes (1989) 212 Cal App 3d 852.856
People v. Sumstine 36 Cal 3d 909

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ■ No

24. If your answer to #23 is "Yes," give the following information:

    (a) Name of Court: _____

    (b) Case Number: _____

    (c) Date action filed: _____

    (d) Nature of proceeding: _____
    _____

    (e) Grounds raised: _____
    _____
    _____
    _____
    _____

    (f) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing: Fredrick M. Ray
    14081 Yorba St Suite 214 Tustin Ca 92780

    (b) At arraignment and plea: Not Guilty Fredrick M. Ray
    14801 Yorba st. Suite 214 Tustin Ca 92780

    (c) At trial: Mrs Danni Murphy ESQ.
    Office of Public Defenders 14 Civic Center Plaza Santa Ana 92701

    (d) At sentencing: Danni Murphy ESQ Office of The Public Defenders
    14 Civic Center Plaza Santa Ana Ca 92701

    (e) On appeal: Corrine Shulman P.O Box 642 Hydesville Ca. 95547

    (f) In any post-conviction proceeding: Corrine Shulman
    P.O Box 642 Hydesville Ca 95547

    (g) On appeal from any adverse ruling in a post-conviction proceeding: John L. Dodd
    17621 Irvine Blvd. Suite 200 Tustin Ca. 92780

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
■ Yes ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes ■ No

   (a)  If so, give name and location of court that imposed sentence to be served in the future:

      _____

   (b)  Give date and length of the future sentence: _____

      _____

   (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   ☐ Yes ☐ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____
*12 / 26 / 07*

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

*12/26/07*
_____
(DATE)

_____
SIGNATURE OF PETITIONER

Filed 10/19/04 P. v. Russell CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | G033221 |
|     v. | (Super. Ct. No. 02NF2028) |
| DREW KEVIN RUSSELL, | O P I N I O N |
|     Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Richard W. Stanford, Jr., Judge. Affirmed in part, reversed in part and remanded.

Corinne S. Shulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Ronald A. Jakob and Warren P. Robinson, Deputy Attorneys General, for Plaintiff and Respondent.

Drew Kevin Russell was charged with indecent exposure and failing to register as a sex offender. (Pen. Code, §§ 314.1, 290.)[1] Following separate trials, he was convicted of both counts. He also admitted having suffered three prior strike convictions

---

[1]     All further statutory references are to the Penal Code.

and having served four prior prison terms. (§§ 667, subds. (b)-(i), 667.5, subd. (b).) The trial court sentenced him to 25 years to life in prison, plus a concurrent term of 6 years. While we reject Russell's challenge to the sufficiency of the evidence, we agree with him that, in securing his conviction for failing to register, the prosecution relied on certain aspects of the registration statute that have been found to be unconstitutionally vague. We therefore reverse his conviction for failing to register and remand the matter for resentencing. In all other respects, we affirm the judgment.



On June 3, 2002, Christine Vu phoned Russell to tell him there was a stain on a pair of pants he had dropped off at her dry cleaning shop in Anaheim. When Russell returned to the shop later that day, Vu was alone. She acknowledged Russell and then turned around to get the stained trousers. While doing so, she noticed Russell's reflection on some type of glass or laminate. By means of this reflection, she saw Russell unzip his trousers and take out his erect penis.

Vu turned around and looked directly at Russell. When she saw his penis was still exposed, she ran behind the counter and considered calling the police. However, the phone was on the other side of the counter and Russell began walking toward her. Therefore, she stayed put and flagged down her friend Sody Chhum, who was outside. When Chhum entered the shop, Vu told her Russell had exposed himself to her. At first, Chhum could only see Russell's backside, but when he turned around and left the shop, she saw his hands were directly in front of him, down by his waist.

At trial, Russell denied any wrongdoing. He admitted getting into an argument with Vu about the stain on his pants, but claimed he kept his hands on the counter while he spoke to her.

While investigating the matter, the police learned Russell was a convicted sex offender who had been spending time in Anaheim. His girlfriend Shirley Holmes had an apartment there, and that is where the police found Russell 10 days after the dry

2

cleaning incident. Holmes told the police that Russell had been living with her since "around January," i.e., for about six months. When Russell disclosed he was not registered as a sex offender in Anaheim, the police arrested him for failing to register in that city.

During trial, the parties stipulated Russell had suffered prior convictions for which he was required to register as a sex offender. The evidence also established he was registered in Long Beach at the time he was arrested. Russell did not claim any address in Long Beach, but instead registered as a transient.

Holmes testified she began dating Russell in late 2001. She said he spent some nights in Long Beach and about two or three nights a week at her apartment. She also said she left a key under her front mat for him when she was not home. Her apartment manager testified she saw Russell come and go on various occasions. She had him fill out a resident application, but never had him sign a formal lease agreement.

I

Russell contends there is insufficient evidence to support his conviction for indecent exposure because Vu's testimony was inherently incredible. We disagree.

In reviewing the sufficiency of the evidence, we consider the record in the light most favorable to respondent and presume in support of the judgment everything the trier of fact could reasonably deduce from the evidence. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.) We do not reweigh the evidence, resolve conflicts in the evidence, or evaluate the credibility of witnesses. (*Ibid.*) Except in "rare instances of demonstrable falsity," doubts about the credibility of in-court witnesses should be left for the fact finder's resolution. (*People v. Cudjo* (1993) 6 Cal.4th 585, 609.)

Russell claims this is one of those "rare instances" where the complaining witnesses' testimony was demonstrably false. He argues Vu's account of things must have been untrue because she said she saw his penis in a reflection and there was no evidence to corroborate her story. But Vu said that after initially noticing Russell's

3

reflection, she turned around and looked at him directly.  She was quite clear in her testimony that she saw Russell's exposed penis from *both* vantage points.  Furthermore, Chhum testified that when she entered the shop, Vu told her that Russell had exposed himself to her.  Evidence of this prior consistent statement served to corroborate Vu's trial testimony.  Taken as a whole, the evidence was more than sufficient to support Russell's conviction for indecent exposure.  We have no reason to second-guess Vu's credibility.

II

Russell also challenges his conviction for failing to register as a sex offender.  Particularly, he contends the prosecutor relied on certain aspects of the registration statute that have been found to be unconstitutionally vague.  The Attorney General does not dispute the point that some parts of the statute are vague.  However, he maintains Russell's conviction should be affirmed because it does not rest on any constitutional infirmities that exist within the statute.

The statute in question is section 290, which is designed to allow the police to keep tabs on sex offenders.  (See *Wright v. Superior Court* (1997) 15 Cal.4th 521, 527.)  To that end, subdivision (a)(1)(A) provides, "Every person [who has a prior conviction for a specified offense], for the rest of his or her life while residing in, or, if he or she has no residence, while located within California . . . shall be required to register with the chief of police of the city in which he or she is residing, or if he or she has no residence, is located . . . within five working days of coming into, or changing his or her residence or location within, any city . . . in which he or she temporarily resides, or, if he or she has no residence, is located."

Subdivision (a)(1)(B) requires registrants who have "more than one residence address or location at which he or she regularly resides or is located" to register "in each of the jurisdictions in which he or she regularly resides or is located.  If all of the addresses or locations are within the same jurisdiction, the person shall provide the

4

registering authority with all of the addresses or locations where he or she regularly resides or is located."

Subdivision (a)(1)(C) states, "If the person who is registering has no residence address, he or she shall update his registration no less than once every 60 days in addition to the requirement in subparagraph (A) . . . with the entity or entities described in subparagraph (A) in whose jurisdiction he or she is located at the time he or she is updating the registration."

Subdivision (g) sets forth the punishment for willful violations of the registration requirements. Any such violation is a felony if the offender is required to register based on a felony offense or if he has a prior conviction for failing to register. (§ 290, subd. (g)(2).)

In *People v. North* (2003) 112 Cal.App.4th 621, the court found the term "location" in section 290 fails to provide sufficient specificity as to when a transient sex offender is required to register in a particular jurisdiction. The court stated "the registration of every particular location at which an offender is regularly present is not feasible, and even in theory would lead to multiple and often meaningless registrations. A transient offender may occupy many locations on a more or less regular basis during the course of a day, week, or month. Section 290 provides no hint as to which locations the offender must provide to the police for purposes of facilitating surveillance." (*Id.* at p. 633.) The court therefore ruled that "the provisions governing changes of 'location' and registration at multiple 'locations' within a jurisdiction are unconstitutionally vague." (*Id.* at p. 624.)[2]

In *People v. Annin* (2004) 117 Cal.App.4th 591, the court distinguished *North* on factual grounds. Whereas *North* involved application of the terms "location"

---

[2]      The *North* court did not invalidate section 290 in its entirety, however. Construing the term "located" to mean present in a jurisdiction on five consecutive working days, the court found the basic registration requirements for transient sex offenders to be valid. Unfortunately, this saving judicial construction was no use to Russell because he was arrested and tried before *North* was decided.

5

and "located" to a transient sex offender who did not have an address, the defendant in *Annin* was convicted of failing to notify authorities when he moved from one address to another. Because his conviction did not "present any issue concerning the meaning of the terms 'location' or 'is located,'" the *Annin* court found no reason to disturb it. (*Id.* at p. 609.)

The Attorney General attempts to distinguish *North* on similar grounds. The way he sees it, Russell's "conviction was clearly based upon his acquiring either a primary or secondary residence at Shirley Holmes's apartment in Anaheim, rather than his simply being 'located' in Orange County without having a residence in that county. The decision in . . . *North* . . . therefore does not apply to" him. The record, however, does not support the Attorney General's position.

Russell was charged with violating section 290, subdivision (g)(2) for failing to register as a sex offender pursuant to subdivision (a) of that section. The evidence showed that at the time of his arrest, he was validly registered in Long Beach as a transient sex offender. Russell also spent time in Anaheim. When the police arrested him, his girlfriend said he had been living with her in Anaheim for the past six months. However, at trial she testified he only spent about two or three nights a week at her apartment.

In closing argument, the prosecutor's principal argument was that Russell was residing in Anaheim for purposes of the registration statute. But the prosecutor also relied on the theory that Russell was *located* in that city. Indeed, throughout his argument, he made several references to the terms "located" and "location." For example, he stated an element of the charged offense was, "The defendant came into or moved within a city in the State of California . . . and established a new temporary or permanent residence or a second temporary or permanent residence at which he regularly resides or is located or if homeless, a new temporary or permanent location." The

6

prosecutor then went on to say this element was satisfied if Russell was either residing in Anaheim *or merely located there* as a homeless person.

Despite this, the Attorney General maintains the prosecutor was simply "discussing various ways in which the registration law could theoretically be applied to" Russell. The Attorney General does not see this as problematical because the prosecutor "later made it clear that [the] case was based on a theory that [Russell] had established at least a temporarily-used secondary residence at Holmes's apartment, as opposed to some type of theory that [Russell] was merely 'located' in Anaheim as a homeless person without having established some type of residence in that city."

As a matter of fact, the prosecutor continued to blend the two theories of culpability in his argument. He said there are different ways to violate the registration statute, "We have the concept of residence; and we have the concept of location." Relying on the "dictionary definition" of these terms, he said a residence is "someplace where you live," whereas location refers to where you "hang out," such as a park or under a bridge. He said the registration statute was intended to be broad "because there are people who register . . . as transients or as people without homes" and those people "might try to make an end run around the purpose of [the] statute."

Continuing in this vein, the prosecutor said it didn't matter how long Russell had been staying with his girlfriend because "[y]ou must register where you're located. That is . . . why we have people register. [¶] If he's a homeless person . . . is he permanently located in Anaheim? In other words, does he spend all of his time in Anaheim or is he temporarily located in Anaheim? [¶] [He's] here for some of the time, but not all of the time. So it's a very, very broad statute that he needs to comply with." This is not the "theoretical" argument the Attorney General defends.

In his rebuttal argument, the prosecutor referred to a chart, which in his mind listed "the evidence of location or residence." Responding to defense counsel's contention the registration statute was vague and confusing, he said, "I don't think

7

anything I've said here today goes outside the bounds of what we commonly refer to as residence or location.  [¶] Location is location.  This is a location.  This is a location. Location is where something is located.  Residence is where somebody resides." Summing up his argument, he implored the jury to find Russell guilty for failing to register in Anaheim because "he was living there.  That was his residence.  That was his location."

Based on the foregoing, it is plainly evident the prosecutor relied on the concept of residency *and* the concept of location in securing Russell's conviction for failing to register.  "[P]resenting a jury with a criminal case premised on an incorrect legal theory usually does require reversal."  (*People v. Morales* (2001) 25 Cal.4th 34, 42.) Because the location concept has been found to be legally invalid on vagueness grounds (see *North, supra*), reversal is compelled unless the jury instructions clarified the issue or there is some basis in the record to find the jury actually based its judgment on the concept of residency.  (See *People v. Guiton* (1993) 4 Cal.4th 1116, 1128-1130.)

As it turns out, the jury instructions echoed the prosecutor's argument. They stated the registration requirements are triggered when the registrant comes into, or moves within, a city and establishes a new residence, or, if the person is homeless, takes up a "new location," or if the person establishes a second "residence address or location at which he regularly resides or is located."  And in rendering its verdict, the jury did not specify the basis on which it found Russell guilty.  It simply found him guilty of violating section 290 for failing to register as a felony sex offender.

On this record, it is impossible to tell whether the jury convicted Russell on the theory he resided in Anaheim or on the theory he spent time at that location.  Reversal is therefore required.  In light of this conclusion, we need not address Russell's remaining arguments with respect to the failure to register count.

DISPOSITION

8

Russell's conviction for failing to register as a sex offender (count 1) is reversed. Because the trial court used that count as the base term for sentencing, the matter is remanded for resentencing. In all other respects, the judgment is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


ARONSON, J.


IKOLA, J.

# EXHIBIT COVER PAGE

$$\boxed{A}$$

**EXHIBIT**

## DESCRIPTION OF THIS EXHIBIT:

("Opinion of the court of Appeal)

## NUMBER OF PAGES TO THIS EXHIBIT: _____9_____ PAGES.

## JURISDICTION: (Check only one)

☐ CDCR Administrative Appeal

☐ California Victim Compensation
   And Government Claims Board

☐ Municipal Court

☐ Superior Court

☐ Appellate Court

☐ State Supreme

☒ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

Approved for
use with Judicial
Council forms
Jan 1997

# EXHIBIT COVER PAGE

$\fbox{$B$}$

**EXHIBIT**

## DESCRIPTION OF THIS EXHIBIT:

" OPINION of THE COURT of APPEAL"

## NUMBER OF PAGES TO THIS EXHIBIT: _____5_____ PAGES.

## JURISDICTION: (Check only one)

☐ CDCR Administrative Appeal

☐ California Victim Compensation
And Government Claims Board

☐ Municipal Court

☐ Superior Court

☐ Appellate Court

☐ State Supreme

☒ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

Approved for
use with Judicial
Council forms
Jan 1997

Filed 9/18/06  P. v. Russell CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b).  This opinion has not been certified for publication or ordered published for purposes of rule 977.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | G035829 |
| Plaintiff and Respondent, | (Super. Ct. No. 02NF2028) |
| v. | O P I N I O N |
| DREW KEVIN RUSSELL, | |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Richard W. Stanford, Jr., Judge.  Affirmed.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Scott C. Taylor and Kelley Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

Upon being convicted of indecent exposure and failing to register as a sex offender, appellant admitted having suffered three prior strike convictions. The trial court sentenced him to 25 years to life for failing to register, but with respect to the other count, it struck two of the priors and sentenced him as a second strike offender to six years in prison. On appeal, we reversed the failure to register count and remanded the matter for resentencing. The trial court then sentenced appellant to 25 years to life on the indecent exposure count. Appellant argues the trial court was not at liberty to reconsider his sentence on that count, but we disagree and affirm the judgment.

*          *          *

At the original sentencing hearing, appellant asked the court to dismiss his prior strike convictions in the interest of justice. (See Pen. Code, § 1385; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.) The prosecution opposed the request, and the court found appellant was not a suitable candidate for leniency, at least with respect to the failure to register count. As to that count, the court denied appellant's motion to dismiss his prior strikes and sentenced him to 25 years to life in prison. The court then turned to the indecent exposure count, dismissed two of the prior strikes and sentenced appellant to a concurrent term of six years in prison.

After we reversed the failure to register count and remanded the matter for resentencing, appellant challenged the trial court's authority to reconsider his sentence on the indecent exposure count. He argued that sentence should remain intact because it was unrelated to his sentence on the failure to register count, but the court did not see it that way. Thinking back to the original sentence, the judge explained the "sentence on count 1 (failing to register) . . . was interrelated to the sentence on count 2 (indecent exposure). [I] could have given a 25-year to life sentence on count 2 . . ., but I chose not to knowing full well that I had just given . . . a 25-year to life sentence on count 1 and not wanting to impose two 25-year to life sentences, and for that reason alone I had selected a term of six years . . . on count 2 . . . ."

2

With that, the court denied appellant's request to dismiss his prior strike convictions and sentenced him to 25 years to life on the indecent exposure count.

&ast;  &ast;  &ast;

Appellant does not challenge the substance of the court's sentencing decision. That is, he does not contend the trial court abused its discretion in determining he was a suitable candidate for a life term under the Three Strikes law. (See generally *People v. Superior Court (Romero), supra,* 13 Cal.4th 497.) However, he claims the court lacked authority to alter its original sentence with respect to the indecent exposure count. We disagree.

"When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices. [Citations.] This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components." (*People v. Hill* (1986) 185 Cal.App.3d 831, 834; see also *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1256-1258; *People v. Craig* (1998) 66 Cal.App.4th 1444, 1450-1452; *People v. Calderon* (1993) 20 Cal.App.4th 82, 88.)

Notwithstanding this rule, appellant argues that, as a jurisdictional matter, "the trial court cannot withdraw its valid and lawful order [to strike two of his prior convictions because that order] became final and must stand." In so arguing, appellant makes much of the fact the People did not appeal the court's original sentencing decision. But that doesn't matter. "It is true that the trial court lost jurisdiction to modify appellant's original sentence when appellant began serving it, but that . . . is irrelevant, because the trial court *regained* jurisdiction over appellant's sentence when we remanded the matter for resentencing. [Citations.]" (*People v. Burbine, supra,* 106 Cal.App.4th at p. 1257.)

3

In a related argument, appellant contends the principles of waiver apply to the People's failure to appeal from the court's original sentencing order. Appellant claims "a trial court's ruling that goes unchallenged by objection is waived," citing *People v. Scott* (1994) 9 Cal.4th 331. Actually, *Scott* held "that complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*Id.* at p. 356.) But in this case, the People are not appealing or complaining about anything. They are simply seeking to uphold the court's sentencing decision, a decision, incidentally, that they advocated for during the original sentencing hearing. Therefore, *Scott* is inapt.

Appellant also sees Penal Code section 1170 as an obstacle to the court's sentencing decision. Under that section, the trial court must act within 120 days from the date of sentencing if it intends to recall a sentence on its own motion and resentence the defendant anew. (Pen. Code, § 1170, subd. (d).) But the trial court did not recall appellant's sentence on its own motion; rather, it resentenced appellant in response to our remand order. Penal Code section 1170's 120-day time limitation does not apply under these circumstances.

The fact is, a trial court has jurisdiction to reconsider a defendant's sentence on *all* convictions when, as here, the base term is reversed. (See, e.g., *People v. Begnaud* (1991) 235 Cal.App.3d 1548, 1554.) While a defendant cannot be exposed to a greater aggregate sentence on remand (*People v. Craig, supra,* 66 Cal.App.4th at pp. 1447-1448), it is "perfectly proper" for a judge "to reimpose the same sentence in a different manner." (*People v. Calderon, supra,* 20 Cal.App.4th at p. 88.)

Appellant is understandably opposed to this rule, but it ensures trial courts will have sufficient discretion to structure a defendant's sentence so as to fit his culpability. Rather than limiting the trial court's authority in this regard "we endorse the notion that trial courts are, and should be, afforded discretion by rule and statute to reconsider an entire sentencing structure in multicount cases where a portion of the

4

original verdict and resulting sentence has been vacated by a higher court.  [] [T]o suggest otherwise would potentially encourage trial courts to take into account the likelihood of certain counts surviving appeal — a sentencing algorithm which might unnecessarily lead to longer original sentences." (*People v. Burbine, supra,* 106 Cal.App.4th at p. 1258.)

For the foregoing reasons, we believe the trial court acted within its authority in reconsidering appellant's sentence on remand.  Appellant has not provided any justification for disturbing the court's decision.

The judgment is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


ARONSON, J.


IKOLA, J.

5

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FILED**

2254    DEFENDANTS

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                      DEPUTY

**I (a) PLAINTIFFS**

**Drew Kevin Russell**

FILING FEE PAID
Yes    No

IFP MOTION FILED
Yes    No

COPIES SENT TO
Court    Prob

Richard Hernandez

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** San Diego
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**Drew Kevin Russell**
**PO Box 799001**
**San Diego, CA 92179**
**V-16255**

ATTORNEYS (IF KNOWN)

**'08 CV 0009 L RBB**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)    FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding    ☐ 2 Removal from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY (See Instructions):** | JUDGE | | Docket Number |
|---|---|---|---|

| DATE | 1/2/2008 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|---|